Louis Bloch v. Commissioner. Amelia Davis Bloch v. Commissioner.
Bloch v. Commissioner
Docket Nos. 112224, 112225.
United States Tax Court
1943 Tax Ct. Memo LEXIS 152; 2 T.C.M. (CCH) 634; T.C.M. (RIA) 43386; August 14, 1943
*152 W. H. Orrick, Esq., and Charles L. Barnard, Esq., for the petitioners. Harry R. Horrow, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: These proceedings, consolidated for hearing, are for the redetermination of income tax deficiencies for the calendar year 1940 in the amounts of $451.13 and $1,035.53, respectively. The issue presented is whether the respondent erred in determining the basis of certain shares of stock of the Dow Chemical Co. sold by the petitioners during the taxable year by averaging the cost of shares of Great Western Electro-Chemical Co. which were exchanged by petitioners therefor in a nontaxable reorganization. The parties have stipulated that the petitioners are entitled to additional deductions under section 121 of the Revenue Act of 1942, the final amounts to be computed after a determination of the taxable income resulting from the transactions here in question. All of the facts have been stipulated. [The Facts] The petitioners are residents of California and filed their income tax returns for 1940 with the collector of internal revenue for the first district of California. In 1940 the petitioner Louis Bloch sold 215 common shares *153 of Dow Chemical Co., hereinafter called Dow, for a total selling price of $33,525.02 and petitioner Amelia Davis Bloch sold 212 like shares for a total selling price of $33,264.24. These certificates were received by the petitioners in 1939 under a statutory merger of Great Western Electro-Chemical Co., hereinafter called Great Western, a California corporation, and Dow, a Michigan corporation. The shares of Dow sold by the petitioners in 1940 are traceable through stock certificate numbers to specific shares of Great Western which were turned in in exchange. The cost to petitioner Louis Bloch of the Great Western shares later represented by the Dow shares sold was $5,685.86 and the cost of the 212 shares of such stock sold by petitioner Amelia Davis Bloch was $13,900.17. They used such cost bases in determining the capital gains attributable to the sales made by them. In this determination of the deficiencies the respondent has held that the petitioners may not use such cost bases but must use in lieu thereof the cost of each Dow share determined by dividing the total cost of the Great Western shares acquired by each at different times and different prices by the total number of *154 Dow shares received and then multiplying that amount by the number of Dow shares sold by each. [Opinion] The only question presented for decision relates to the basis. No contention is made that the petitioners' bases used are not correct provided they may trace the Dow shares sold by specific certificate numbers to the Great Western shares purchased. There is no question but that the Dow shares were received by the petitioners in 1939 upon a reorganization under section 112 (g) (I) I.R.C. Neither is there any question but that the following portion of section 113 I.R.C. is applicable in the determination of the basis of the shares: SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * * * *
(6) Tax-free exchanges generally. - If the property was acquired, after February 28, 1913, upon an exchange described in section 112 (b) to (e), inclusive, the basis (except as provided in paragraphs (15), (17), or (18) of this subsection) shall be the same as in the case of the property exchanged, decreased in the amount of money received by the taxpayer and increased *155 in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made. * * * The respondent contends that no identification of the shares of Dow stock received in exchange for Great Western shares is permissible and that the basis of the Dow shares should be computed by dividing the total cost of the Great Western shares by the total number of Dow shares received. In support of such proposition the respondent cites Commissioner v. Oliver (C.C.A., 3rd Cir.), 78 Fed. (2d) 561; Helvering v. Stifel (C.C.A., 4th Cir.), 75 Fed. (2d) 583; Commissioner v. Von Gunten (C.C.A., 6th Cir.), 76 Fed. (2d) 670, and Commissioner v. Bolender (C.C.A., 7th Cir.), 82 Fed. (2d) 591. Respondent submits that in those cases: * * * the courts rejected the "first in first out" rule which the Commissioner had contended was applicable in the absence of identification. But under the rationale of those cases it is clear that attempts to establish the cost basis of the shares *156 received by identification would be equally futile. Identification is permissible only when there is identity between the shares of stock sought to be identified. * * * In Raoul H. Fleischmann, 40 B.T.A. 672, 688, we said: * * * It is now well established that where stock of one corporation is exchanged for stock of another, in pursuance of a plan of reorganization, the basis of the shares surrendered (after adjustment for any recognized gain or loss) must be allocated equally to the shares acquired, and the cost of some particular lot of the old shares may not be allocated to some particular lot of the new shares. * * * Under the rule identification of the shares of a reorganized corporation with those of another corporation is immaterial. As said by the Circuit Court of Appeals for the Third Circuit in Arrott v. Commissioner, 136 Fed. (2d) 449: We think it is the only sound rule. The old shares all have the same exchange value for the new ones no matter what they cost the taxpayer. He gets as much new stock for the shares for which he paid $80 as he does for the share for which he paid $120. The old shares lose *157 their identity when traded for the new, just as the money with which one buys a war bond loses its identity in the certificate, though to the purchaser some of it may have been a gift, some won on a horse race and the remainder earned by the sweat of his brow. The old shares are gone; the new shares in what is at least nominally a new company take their place. Each new share costs the taxpayer the quotient of the sum of the cost of the old shares divided by the number of new shares he receives. The respondent's determination of basis is approved. Decisions will be entered under Rule 50.